IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN SHIELDS, | ) | Case No. 1:17-CV-01631 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | MEMORANDUM OPINION |
| ADMINISTRATION | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Kathleen B. Burke. The Report and Recommendation (ECF #15), issued on June 22, 2018, recommends the Commissioner's final decision be REVERSED and the case REMANDED for further proceedings. On June 29, 2018 the Government filed its response to the Magistrate Judge's Report and Recommendation, indicating it would not be filing objections. (ECF #16).

I. STANDARD OF REVIEW

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report. Whereas here, no timely objection was filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. FED. R. CIV. P. 72 advisory committee's notes (citation omitted). However, "the Social Security Act authorizes narrow judicial review of the final decisions of the Social Security Administration (SSA)." *Reynolds v. Comm'r Soc. Sec.*, 2011 WL 1228165 at *2 (6th Cir. April 1, 2011). This review is limited to determining whether the Commissioner's decision is (1) supported by substantial evidence and (2) made pursuant to

proper legal standards. *See Ealy v. Comm'r of Soc. Sec.*, 572 F.3d 504, 512 (6th Cir. 2010). The court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence when determining whether an ALJ's findings are supported by substantial evidence. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

## II. ANALYSIS

Plaintiff raises two objections to the Commissioner's final decision denying Plaintiff's application for Child Insurance Benefits ("CIB"): (1) that the Administrative Law Judge's ("ALJ") finding that Plaintiff was not disabled at Step Two is not supported by substantial evidence and (2) that the ALJ erred by failing to call a medical expert per Social Security Ruling 83-20.

Under the Act, 42 U.S.C. § 432(a), eligibility for benefit payments depends on the existence of a disability. In making a determination as to disability, an ALJ is required to follow a five-step sequential analysis set out in agency regulations. Step Two of this analysis requires a claimant to show that he suffers from a severe medically determinable physical or mental impairment that meets the duration requirement in 20 C.F.R.§ 494.1509, or a combination of impairments that is severe and meets the duration requirement. 20 C.F.R.§ 404.1520(a)(4)(ii).Thus, the burden is on claimant at Step Two as a way to "screen out claims that are 'totally groundless' solely from a medical standpoint." *Higgs v. Bowen*, 880 F.2d 860,863 (6th Cir. 1988). However, courts have interpreted Step Two as being a "*de minimis*" hurdle.

Magistrate Judge Burke found that the ALJ failed to build a logical bridge connecting the evidence in the record with the conclusion that Plaintiff did not have a medically determinable impairment for the relevant time. A court "cannot uphold an ALJ's decision, even if there is 'enough evidence in the record to support the decision, where the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result. *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) (relying on *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2014). Magistrate Judge Burke found that the ALJ needs to give a more complete explanation as to why the evidence in the record was insufficient to allow Plaintiff to surpass the *de minimis* Step Two hurdle.

Magistrate Judge Burke further determined that the Court need not address Plaintiff's second assignment of error. However, on remand the Commissioner should consider whether a medical expert is advisable considering that, due to the passage of time, there is limited evidence in the record for the relevant time period.

## III. CONCLUSION

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Report and Recommendation of Magistrate Judge Burke (ECF #15) is ADOPTED. The decision of the Commissioner is REVERSED and the case is REMANDED for further proceedings consistent with the Report and Recommendation.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: July 23, 2018